IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DYLAN CUNNINGHAM, | ) | CIVIL NO. 22-00504 HG-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT |
| UNIVERSITY OF HAWAII, | ) | PREPAYMENT OF FEES AND |
| | ) | DISMISS THE COMPLAINT WITH |
| Defendant. | ) | PREJUDICE |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES
AND DISMISS THE COMPLAINT WITH PREJUDICE

Before the Court is Plaintiff Dylan Cunningham's Application to

Proceed in District Court Without Prepaying Fees or Costs (Application), filed on

December 5, 2022.  See Pl.'s App., ECF No. 3.

After careful consideration of the Application, the record in this

action, and the relevant legal authority, the Court FINDS AND RECOMMENDS

that the district court GRANT Plaintiff's Application and DISMISS the Complaint

with prejudice.[1]

_____

[1] Within fourteen days after a party is served with the Findings and
Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written
objections in the United States District Court.  A party must file any objections
within the fourteen-day period to preserve appellate review of the Findings and
Recommendation.

<u>DISCUSSION</u>

**I.  The Court RECOMMENDS that the District Court GRANT Plaintiff's Application**

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  For purposes of determining whether to grant an application to proceed without prepayment of fees, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  <u>Adkins v. E.I. Du Pont De Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application states that he receives approximately $1,005 in income per month.  <u>See</u> Pl.'s App., ECF No. 3, at 1.  Further, Plaintiff states that he has $194.66 in savings and has over $846 in monthly expenses.  <u>See</u> <u>id.</u> at 2.  Based on the information provided in Plaintiff's Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time and RECOMMENDS that the district court GRANT his Application.  <u>See</u> 28 U.S.C. § 1915.

**II.  The Court RECOMMENDS that the District Court DISMISS**

**Plaintiff's Complaint With Prejudice**

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must set aside the plaintiff's conclusory factual allegations, accept as true the plaintiff's non-conclusory factual allegations, and determine whether these allegations state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. See UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1014 (9th Cir. 2013). Because Plaintiff is appearing pro se in this action, the Court must construe the Complaint liberally, in the light most favorable to Plaintiff, and

3

accept all non-conclusory allegations of material fact as true.  See <u>Erickson v.</u>
<u>Pardus</u>, 551 U.S. 89, 94 (2007) (stating that pleadings filed pro se "must be held to
less stringent standards than formal pleadings drafted by lawyers").

   In his Complaint, Plaintiff alleges that his former employer,
Defendant University of Hawaii, violated the Americans with Disabilities Act of
1990 ("ADA") and the ADA Amendments Act of 2008 ("ADAAA") by
discriminating and retaliating against him based on a perceived disability.  <u>See</u>
Compl., ECF No. 1.  Specifically, Plaintiff alleges that Defendant regarded
Plaintiff as having COVID-19 and/or had a record of Plaintiff having COVID-19
and terminated Defendant for not complying with Defendant's COVID-19 policy
requiring vaccination, testing, or a medial or religious exemption.  <u>See</u> <u>id.</u> ¶¶ 178-
80.

   Plaintiff alleges that he was employed by Defendant beginning in
January 2020 as an agricultural research technician.  <u>See</u> <u>id.</u> ¶ 38.  Plaintiff alleges
that Defendant required all employees to be fully vaccinated against COVID-19, to
submit to regular testing, or to have a medical or religious exemption beginning in
August 2021.  <u>See</u> <u>id.</u> ¶¶ 58-59.  Further, Plaintiff alleges that he received an email
on September 13, 2021, from Defendant stating that employees that did not comply
with the COVID-19 policy would first be given a verbal warning and would be
subject to progressive disciplinary actions.  <u>See</u> <u>id.</u> ¶¶ 66-68.

When Plaintiff arrived at his place of employment on September 14, 2021, he was asked by his supervisor to provide verification of his vaccination status or a current negative COVID-19 test, which Plaintiff did not provide. See id. ¶ 69. Plaintiff was given a verbal warning and asked to leave the premises. See id. ¶ 70. One day later, Plaintiff received notification from Defendant that he was being placed on leave without pay because of his noncompliance with Defendant's COVID-19 policy and that further noncompliance may result in progressive disciplinary action including termination. See id. ¶¶ 84-85.

Plaintiff returned to his place of employment on September 22, 2021, and was asked again by his supervisor to provide verification of his vaccination status or a current negative COVID-19 test, which Plaintiff did not provide. See id. ¶ 91. Plaintiff was asked to leave the premises. See id. That same day, Plaintiff received a second notification from Defendant regarding his noncompliance. See id. ¶ 92.

When Plaintiff returned to his place of employment on September 30, 2021, he was asked for a third time by his supervisor to provide verification of his vaccination status or a current negative COVID-19 test, which Plaintiff did not provide. See id. ¶¶ 95-96. Plaintiff was again asked to leave the premises. See id. ¶ 97. Plaintiff received an email from Defendant that same day explaining that Plaintiff could submit a vaccination exemption request. See id. ¶¶ 98-101.

Plaintiff received two emails the next day from Defendant stating that Plaintiff was being placed on leave without pay pending an investigation into his third incident of noncompliance with Defendant's COVID-19 policy and including a written reprimand regarding Plaintiff's first and second incidents of noncompliance with Defendant's COVID-19 policy.  See id. ¶¶ 102-03.

Plaintiff returned to his place of employment on October 13, 2021, and was asked for a fourth time by his supervisor to provide verification of his vaccination status or a current negative COVID-19 test, which Plaintiff did not provide.  See id. ¶ 126.  Plaintiff was again asked to leave the premises.  See id. Plaintiff received an email from Defendant regarding his fourth incident of noncompliance stating that Plaintiff was being placed on leave without pay for ten days.  See id. ¶¶ 128, 135.  Defendant reiterated that Plaintiff could submit a vaccination exemption request, but Plaintiff replied that he was not requesting an exemption.  See id. ¶¶ 131-34.

Plaintiff returned to his place of employment on November 4, 2021, and was asked for a fifth time to provide verification of his vaccination status or a current negative COVID-19 test, which Plaintiff did not provide.  See id. ¶¶ 139-40.  Plaintiff received an email from Defendant regarding his fifth incident of noncompliance stating that Plaintiff was being placed on leave without pay pending an investigation and that Plaintiff may be subject to termination.  See id. ¶

142.  Plaintiff received notification on November 12, 2021, of Defendant's intent to terminate him, and was terminated effective November 29, 2021.  See id. ¶¶ 154-56.

Throughout this time, Plaintiff corresponded with Defendant regarding questions he had related to Defendant's COVID-19 policy and Plaintiff's decision not to obtain a vaccine, submit to testing, or request an exemption.  See id. ¶¶ 72-82, 86-90, 93-94, 104-17, 130-35, 143-53.  The U.S. Equal Employment Opportunity Commission issued a Determination and Notice of Rights to Plaintiff on September 8, 2022, stating that it would not proceed further with its investigation and made no determination about whether further investigation would establish violations of the statute.  See Determination and Notice of Rights, ECF No. 1-2.  Plaintiff filed this action on December 5, 2022.  See Compl., ECF No. 1.

**A. Plaintiff's Discrimination Claim**

Under the ADA, to state a claim for disability discrimination, a plaintiff must plausibly allege that: (1) they are disabled; (2) they are qualified for the job (i.e., able to perform the job's essential functions); and (3) they were subjected to an adverse employment action because of their disability.  See Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).  The ADA defines a "disability" as a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as

7

having such an impairment.  See 42 U.S.C. § 12102(1)(A)-(C).  To satisfy the

"disabled" element of a disability discrimination claim, a plaintiff may allege that

they are disabled, they had a record of disability, or their employer regarded them

as disabled.  See id.  Here, Plaintiff alleges that Defendant regarded him as

disabled and had a record of him as disabled.  See Compl., ECF No. 1, ¶¶ 177-78,

205, 209-10, 252-56, 260-62.

        As to Plaintiff's "regarded as" theory, Plaintiff alleges that Defendant

regarded him "as disabled with a contagious disease with an impaired immune

system."  Compl., ECF No. 1, ¶¶ 21, 210 (alleging that Defendant "sought to

impose the policy's provisions upon the plaintiff based upon the pure speculation,

stereotype and generalization that he was infected or may in the future come

infected with a deadly, contagious disease (e.g. "Covid-19")").  The Court finds

that Plaintiff's "regarded as" theory fails to state a claim.  Under the ADA, being

regarded as disabled does not apply to impairments that are "transitory and minor,"

or impairments with an actual or expected duration of six months or less.  See 42

U.S.C. § 12102(3)(b).  "Federal courts generally agree that a COVID-19 infection

is not a disability."  Lundstrom v. Contra Costa Health Srvs., 2022 WL 17330842,

at *5 (N.D. Cal. Nov. 29, 2022) (citing Roman v. Hertz Local Edition Corp., 2022

WL 1541865, at *7 (S.D. Cal. May 16, 2022), McCone v. Exela Techs., Inc., 2022

WL 801772, at *4 (M.D. Fla. Jan. 14, 2022) (holding that a COVID-19 infection

does not meet the ADA's definitions of "disability"); Thompson v. City of
Tualatin, 2022 WL 742682, at *2 (D. Or. Mar. 11, 2022) (holding that "being
perceived as having COVID-19 is not a cognizable disability under the ADA"));
see also Anderson v. L. Keeley Constr., 2022 WL 3585596, at *2 (E.D. Mo. Aug.
22, 2022) (finding that the plaintiff's complaint alleging ADA discrimination based
on having COVID-19 failed to state a claim for relief); Worrall v. River Shack,
2022 WL 3371345, *3-5 (N. D Tex. Aug. 15, 2022) (finding that the plaintiff's
alleged COVID-19 infection was "transitory and minor" and not a disability within
the meaning of the ADA and collecting cases).  The Court finds these cases
persuasive and agrees that COVID-19 is "transitory and minor" and therefore not a
disability under the ADA.  Accordingly, being regarded as having COVID-19 is
also not a disability under the ADA.  The Court finds that Plaintiff has not
plausibly alleged that Defendant regarded him as having a disability.

   Similarly, the Court finds that Plaintiff's "record of" theory also fails
to state a claim.  To state a claim for disability discrimination based on a record of
a disability, a plaintiff must plausibly allege that she has "a history of an
impairment that substantially limited one or more major life activities when
compared to most people in the general population, or was misclassified as having
had such an impairment."  29 C.F.R. § 1630.2(k)(2).  Plaintiff alleges that
Defendant made a record of his impairment by documenting Plaintiff's

9

"vaccination status" and classifying Plaintiff as an "unvaccinated" employee.  See

Compl., ECF No. 1, ¶¶ 254, 256.  Plaintiff alleges that Defendant's policy treated

unvaccinated employees as "impaired by a contagious disease and simultaneously

assume that they are impaired by a suppressed or weak immune system or

respiratory system that makes them vulnerable to 'Covid-19.'"  Id. ¶ 253.  For the

same reasons discussed above, a record of a condition, like COVID-19, that is not

a disability does not qualify for protection under the ADA.  See 29 C.F.R. §

1630.2(k)(2) (stating that an individual must have a record of any impairment that

substantially limits a major life activity).  The Court finds that Plaintiff has not

plausibly alleged that Defendant had a record of him having a disability.

### B. Retaliation Claim

In Count II, Plaintiff alleges that Defendant "began retaliating against

[Plaintiff] by imposing punitive measures and adverse employment actions upon

him."  Compl., ECF No. 1, ¶ 282.  Specifically, Plaintiff alleges that Defendant

retaliated against him by reprimanding him, placing him on leave, threatening to

terminate him, and terminating him.  See id. ¶¶ 286-87.  Under the ADA, "[n]o

person shall discriminate against any individual because such individual has

opposed any act or practice made unlawful by this chapter or because such

individual made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under this chapter."  42 U.S.C. § 12203(a).

Plaintiff must plausibly allege the following to establish a prima facie case of retaliation under the ADA: (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action.  See Pardi v. Kaiser Permanente Hosp., Inc., 389 F.3d 840, 849 (9th Cir. 2004).  Here, the Court finds that Plaintiff has not plausibly alleged a causal connection between his alleged protected activity and any adverse employment action.

Plaintiff alleges that from the moment he gave notice to Defendant that he would not comply with Defendant's COVID-19 policy, Defendant began retaliating against him.  See Compl., ECF No. 1, ¶¶ 282, 286-87.  However, Plaintiff alleges that Defendant's COVID-19 policy was in place before Plaintiff opposed the testing, vaccination, or exemption request requirements.  See Compl., ECF No. 1, ¶¶ 58-61.  Accordingly, Defendant did not enact its policy in response to Plaintiff's actions.  It is therefore unreasonable to infer that there was a causal connection between Plaintiff's criticism of Defendant policies and his adverse employment actions.  See O'Hailpin v. Hawaiian Airlines, Inc., 2022 WL 314155, at *11 (D. Haw. Feb. 2, 2022) (holding that the plaintiffs were unlikely to succeed on the merits of their retaliation claim because "the vaccine policy was established, as well as the consequences for failing to comply with the policy — i.e., the adverse employment actions at issue here — before Plaintiffs submitted their

[accommodation] requests"). Because Plaintiff alleges that Defendant's COVID-19 policy, which included consequences for not complying, existed before he opposed the policy, "it is not reasonable to infer that there was a causal connection between [his] criticism of the policy and [his] termination." Speaks v. Health Sys. Mgmt., Inc., 2022 WL 3448649, at *6 (W.D.N.C. Aug. 17, 2022) (dismissing retaliation claim under ADA where the plaintiff alleged that she was terminated for opposing the defendant's vaccination requirement). The Court finds that Plaintiff's retaliation claim fails because he has not plausibly alleged a causal connection between his alleged protected activity and any adverse employment action.

Based on the Court's review of Plaintiff's Complaint, accepting all of Plaintiff's allegations of material fact as true, the Court finds that Plaintiff's legal claims are without merit. Accordingly, the Court RECOMMENDS that Plaintiff's Complaint be DISMISSED. Further, the Court FINDS that no amendment can cure the defects detailed above and RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend"); see also Lopez, 203 F.3d at 1127; Thompson, 2022 WL 742682, at *3 (dismissing with prejudice the plaintiff's ADA claims that "she was discriminated against for being regarded as having COVID-19"); Lundstrom, 2022

WL 17330842, at *5 (dismissing with prejudice claim of ADA discrimination and retaliation based on being regarding as and having a record of COVID-19 because amendment would futile).

CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court GRANT Plaintiff's Application to Proceed Without Prepayment of Fees and DISMISS Plaintiff's Complaint WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 13, 2022.



Wes Reber Porter
United States Magistrate Judge

**CUNNINGHAM V. UNIVERSITY OF HAWAII; CIVIL NO. 22-00504 HG-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE**