```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

DYLAN CUNNINGHAM,              )    22-cv-00504 HG-WRP
                               )
         Plaintiff,            )
                               )
    vs.                        )
                               )
UNIVERSITY OF HAWAII,          )
                               )
         Defendant             )
                               )
```

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 6), AS MODIFIED**

**and**

**OVERRULING PLAINTIFF DYLAN CUNNINGHAM'S OBJECTION (ECF No. 7)**

Plaintiff Dylan Cunningham alleges that his former employer, Defendant University of Hawaii, violated the Americans with Disabilities Act ("ADA") when it fired him after he refused to comply with its COVID-19 vaccination policy. Plaintiff proceeds pro se and has applied to proceed without prepayment of fees.

On December 13, 2022, the Magistrate Judge issued a Findings and Recommendation to Grant Plaintiff's Application to Proceed Without Prepayment of Fees and Dismiss the Complaint With Prejudice. Plaintiff has filed an Objection, arguing that the Complaint should not be dismissed.

The Court **ADOPTS** the Magistrate Judge's Findings and Recommendation (ECF No. 6), as modified by the reasoning set forth in this Order.

1

Plaintiff's Objection (ECF No. 7) is **OVERRULED**.

## PROCEDURAL HISTORY

On December 5, 2022, Plaintiff filed a Complaint. (ECF No. 1).

On the same day, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 3).

On December 13, 2022, the Magistrate Judge issued a Findings and Recommendation to Grant Plaintiff's Application to Proceed Without Prepayment of Fees and Dismiss the Complaint With Prejudice. (ECF No. 6).

On December 20, 2022, Plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendation. (ECF No. 7).

## STANDARD OF REVIEW

A Magistrate Judge may be assigned to prepare findings and recommendation for a District Court on a matter that is dispositive of a claim. Fed. R. Civ. P. 72(b)(1). If a party objects to the Magistrate Judge's findings and recommendation, the District Court must conduct a de novo review of the portions to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b)(2).

De novo review means the District Court must consider the matter anew. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009). The District Court may accept, reject, or modify the findings and recommendations made by the Magistrate Judge.

Raddatz, 447 U.S. at 673-74; Fed. R. Civ. P. 72(b)(3).

The District Court may accept the portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error. Stow v. Murashige, 288 F.Supp.2d 1122, 1127 (D. Haw. 2003); Abordo v. State of Hawaii, 938 F.Supp. 656, 658 (D. Haw. 1996).

## BACKGROUND

Plaintiff alleges that he was employed by Defendant University of Hawaii as an agricultural research technician beginning in January 2020. (Complaint ("Compl.") at p. 6, ECF No. 1). He states that Defendant implemented a policy in August 2021 that required all employees to provide verification that they had been vaccinated or had tested negative for COVID-19 before entering a University work site. (Id. at p. 8). In September 2021, Plaintiff received an email from Defendant stating that employees who did not comply with the policy would be subject to progressive disciplinary action. (Id. at p. 9).

Plaintiff alleges that he faced disciplinary action after he failed to provide proof that he had been vaccinated or had tested negative for COVID-19 on five different occasions in late 2021. (See id. at pp. 9, 11-12, 16-18). On each occasion, Defendant directed Plaintiff to leave the premises and placed Plaintiff on leave without pay. (See id.) Defendant informed Plaintiff that he could seek a religious exemption from the vaccination requirement. (See id. at pp. 13, 15-16). Plaintiff declined to

3

request a religious exemption.  (Id. at pp. 16-17).

On November 12, 2021, Defendant notified Plaintiff that his employment would be terminated due to his failure to comply with the COVID-19 policy on five occasions.  (See id. at pp. 18-20).  Plaintiff's employment at the University was terminated effective November 29, 2021.  (See id. at pp. 19-20).

## ANALYSIS

### I. THE COURT ADOPTS THE MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Courts may allow a suit to proceed in forma pauperis if a person submits an affidavit that demonstrates an inability to pay the cost of the proceeding.  See 28 U.S.C. § 1915(a)(1).

Plaintiff's Application to Proceed Without Prepayment of Fees states that Plaintiff receives approximately $1,005 in income per month.  (See ECF No. 3, p. 1).  Plaintiff's Application also states that he has $194.66 in savings and over $846 in monthly expenses.  (See id. at p. 2).

The Magistrate Judge recommended that Plaintiff's Application be granted based on the financial information that Plaintiff provided.  Neither party has objected to this recommendation.  The Court finds no error with the Magistrate Judge's Finding and Recommendation regarding Plaintiff's Application.

The Court **ADOPTS** the Magistrate Judge's Finding and

4

Recommendation (ECF No. 6) to grant Plaintiff's Application to Proceed Without Prepayment of Fees.

**II. THE COURT ADOPTS THE MAGISTRATE JUDGE'S FINDING AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE, AS MODIFIED**

    **A. Statutory Screening Pursuant to 28 U.S.C. § 1915**

Cases that proceed in forma pauperis are subject to mandatory screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). Section 1915(e)(2)(B)(ii) requires a court to dismiss in forma pauperis proceedings "at any time" if the court finds that the complaint "fails to state a claim on which relief may be granted." A complaint fails to state a claim "if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must accept the facts of the complaint as true and must liberally construe a pro se complaint. Id.

The Magistrate Judge correctly found that Plaintiff's Complaint is subject to mandatory screening pursuant to 28 U.S.C. § 1915. Plaintiff is proceeding in forma pauperis, which subjects his Complaint to the statute's screening.

Plaintiff argues that screening pursuant to § 1915(e)(2)(B) applies only to suits brought by prisoners. (Objection to Magistrate's Recommendation ("Obj.") at p. 1, ECF No. 7). He states that both § 1915(a) and (b) refer to the information that

a "prisoner" must provide in order to proceed in forma pauperis. (See id.)  Plaintiff contends that his Complaint should not be screened pursuant to § 1915(e)(2)(B) because he is not a prisoner.  (See id.)

Plaintiff's argument is unavailing.  The text of § 1915 features certain provisions that apply specifically to prisoners and other provisions that apply to anyone proceeding in forma pauperis.  For instance, Section 1915(b)(1) requires that a "prisoner" who files a civil action or appeal must "pay the full amount of a filing fee," while no such requirement exists for non-prisoners.  See Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997).

Section 1915(e)(2)(B) does not limit itself to "prisoners." It applies to anyone proceeding in forma pauperis, including Plaintiff.  See Glick v. Townsend, 677 F. App'x 323, 324 (9th Cir. 2017) (noting that "screening of in forma pauperis complaints under 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners"); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); Garber v. City of Los Angeles, 295 F. App'x 204, *1 (9th Cir. 2008).

**B.   Plaintiff's Discrimination Claim**

Title I of the ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability of such individual."  42 U.S.C. § 12112(a).  To establish a prima facie disability discrimination claim,

6

Plaintiff must establish that (1) he was "disabled" within the meaning of the ADA statute; (2) he was a "qualified individual," meaning he was able to perform the essential functions of his job; and (3) he suffered an adverse employment action "because of" his disability. Hutton v. Elf Atochem North Am., Inc., 273 F.3d 884, 891 (9th Cir. 2001).

The question here is whether Plaintiff has established the first element of his prima facie case, that he was disabled within the meaning of the ADA. The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plaintiff alleges that Defendant recorded and regarded him as disabled because Defendant's COVID-19 policy assumed that unvaccinated employees either had COVID-19 or could soon contract it. (See Compl. at pp. 4, 22, 25, 30, ECF No. 1).

The Court agrees with the Magistrate Judge that Plaintiff has failed to state a disability discrimination claim. The Court reaches this conclusion based on different reasoning. The Court finds it is unnecessary to address the issue of whether COVID-19 is a cognizable disability pursuant to the ADA or under which circumstances it may be cognizable. Plaintiff does not allege that he was fired because he had a COVID-19 infection or because Defendant regarded or recorded him as having COVID-19. The issue is instead whether Plaintiff has plausibly alleged that his

employer regarded or recorded him as having an "impairment that substantially limits one or more major life activities." He has not done so. Plaintiff's "record of" and "regarded as" theories both fail.

### 1. Plaintiff's "Record Of" Theory

To state a claim for disability discrimination based on a record of a disability, Plaintiff must plausibly allege that he has "a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment." 29 C.F.R. § 1630.2(k)(2).

Plaintiff alleges that Defendant recorded him as unvaccinated, which classified him as "impaired by a contagious disease" and "impaired by a suppressed or weak immune system or respiratory system" that made him susceptible to COVID-19. (Compl. at p. 30, ECF No. 1).

Plaintiff's "record of" theory fails because Plaintiff provides no basis to conclude that Defendant classified him as having "an impairment that substantially limited one or more major life activities when compared to most people in the general population." 29 C.F.R. § 1630.2(k)(2). Plaintiff does not allege that Defendant ever classified him as having a COVID-19 infection that was severe enough to substantially limit one of his major life activities. Defendant instead classified him as refusing to follow the COVID-19 policy that applied to all

8

employees.  See Miller v. Segerstrom Ctr. for the Arts, 2022 WL 18284992, at *3 (C.D. Cal. Oct. 19, 2022).  "Refusing to get a vaccine required by an employer is not itself an 'impairment' of any sort."  Speaks v. Health Sys. Mgmt., Inc., 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022).

    Plaintiff's theory assumes that he was classified as impaired because (1) he was deemed to be more likely to catch COVID-19 because he was not vaccinated, and (2) a COVID-19 infection could be severe enough to substantially limit one or more of his major life activities.  The theory fails because "the terms of the ADA protect anyone who experiences discrimination because of a current, past, or perceived disability--not a potential future disability."  Equal Emp. Opportunity Comm'n v. STME, LLC, 938 F.3d 1305, 1316 (11th Cir. 2019).

    Plaintiff's theory also fails because it would yield absurd results.  Under Plaintiff's reasoning, the ADA would forbid employers from enforcing any number of measures designed to stop the spread of COVID-19.  Such measures would classify non-compliant employees as "impaired" by being more likely to contract and transmit the virus.  Employers who disciplined employees for refusing to wear a mask, wash their hands, or stay six feet apart from others would be subject to disability discrimination claims under such a theory.  That interpretation of the ADA is unreasonable.  See Champion v. Mannington Mills, Inc., 538 F. Supp. 3d 1344, 1350 (M.D. Ga. 2021).

    The Court finds that Plaintiff has not plausibly alleged

9

that Defendant discriminated against him based on a record of him having a disability.

### 2. Plaintiff's "Regarded As" Theory

The Court likewise finds that Plaintiff has not plausibly alleged that Defendant regarded him as disabled. To state a claim for disability discrimination under a "regarded as" theory, Plaintiff must show that he "has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(B). For the reasons discussed above, Plaintiff has failed to establish that Defendant regarded him as having a "physical or mental impairment" of any kind.

The Court finds that Plaintiff has failed to state a disability discrimination claim. Plaintiff has not established that he was disabled within the meaning of the ADA or that Defendant discriminated against him because it regarded him as disabled.

### C. Plaintiff's Retaliation Claim

The ADA prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 42

U.S.C. § 12203(a).

To state a retaliation claim, Plaintiff must allege (1) that he engaged in a protected activity, such as by asserting his rights pursuant to the ADA; (2) that he suffered an adverse employment action; and (3) that there was a causal link between the protected activity and the adverse employment action. See Pardi v. Kaiser Permanente Hosp., Inc., 389 F.3d 840, 849-50 (9th Cir. 2004).

The standard for the causal link is but-for causation, which requires that Plaintiff show that the adverse employment action would not have occurred in the absence of his protected activity. See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist., 806 F.3d 451, 473 (9th Cir. 2015); see also U. of Texas S.W. Med. Ctr. v. Nassar, 570 U.S. 338, 346-47 (2013) (describing the but-for causation standard).

Plaintiff alleges that he engaged in a protected activity by objecting to Defendant's COVID-19 policy pursuant to the ADA. (See Compl. at pp. 35, 37, ECF No. 1). He further alleges that he suffered adverse employment actions, including termination, because he objected to the policy. (See id. at p. 37).

The Magistrate Judge correctly found that Plaintiff failed to plausibly allege a causal link between his assertion of rights pursuant to the ADA and the adverse employment action he received. Defendant spelled out the consequences of noncompliance with the policy before Plaintiff opposed it. (See Compl. at p. 9, ECF No. 1). It is unreasonable to assume that

11

there was a causal link between Plaintiff's criticism of Defendant's policies and his termination.  See Linne v. Alameda Health Sys., 2023 WL 375687, at *3 (N.D. Cal. Jan. 24, 2023); Speaks, 2022 WL 3448649, at *6; O'Hailpin v. Hawaiian Airlines, Inc., 583 F. Supp. 3d 1294, 1312 (D. Haw. 2022).

Plaintiff argues that his "cause of action arose as a direct and proximate result" of Defendant's COVID-19 policy.  (Obj. at 12, ECF No. 7).  He states that he is not required "to allege that he opposed the policy before it was even a policy.  It was the policy itself that gave rise to the cause of action."  (Id.)

Plaintiff's argument is flawed.  The but-for causation standard does not require Plaintiff to show that he would have opposed a non-existent policy before its enactment as he argues. Defendant enacted its COVID-19 policy, along with the punishments for noncompliance, before Plaintiff notified Defendant of his alleged ADA-based opposition to the policy.  The only reasonable inference is that Plaintiff would have faced these punishments for his failure to comply with the policy even if he had never said anything about the ADA.  Defendant's disciplinary steps "were not actions that Defendant undertook deliberately to aim at Plaintiff on the basis of [his] criticism of the policy."  Linne, 2023 WL 375687, at *3.

Plaintiff also argues that the Magistrate Judge relied upon inapposite caselaw in finding that Plaintiff had failed to state a retaliation claim.  Plaintiff states that none of the cases cited by the Magistrate Judge featured an employer who believed

12

that all employees were disabled by COVID-19 and needed the same treatment, irrespective of their medical privacy or whether the treatment related to their jobs. (Obj. at p. 12, ECF No. 7). Plaintiff further states that none of the cases "originated from a set of facts where the employer instigated or provoked the dispute" by implementing a policy like the Defendant's COVID-19 policy. (Id.) Plaintiff's argument is unfounded. The Magistrate Judge relied upon Speaks, 2022 WL 3448649, which rejected ADA claims from a plaintiff who was fired after refusing to comply with her employer's vaccination policy. The issues that the Speaks plaintiff raised are the same issues that Plaintiff raises here. Other cases have addressed and rejected the same kind of false retaliation claim that Plaintiff raises here. See Linne, 2023 WL 375687, at *3; Shklyar v. Carboline Co.,    F.Supp.3d   , 2022 WL 2867073 (E.D. Mo. July 21, 2022).

The Court finds that Plaintiff has failed to state a retaliation claim. Plaintiff has not established a causal link between his alleged protected activity and any adverse employment action.

### D. Plaintiff's Additional Objections

In addition to the arguments addressed above, Plaintiff raises three main objections: (1) that the Court is biased because it has a vaccine requirement similar to the requirement that Defendant adopted, (2) that Defendant lacked the authority to implement its COVID-19 policy, and (3) that the policy is

13

misguided.  None of the arguments alter the Court's conclusion that Plaintiff has failed to state a claim.

### 1. Plaintiff's Allegation of Bias

Plaintiff alleges in his Complaint that "the United States District Court itself has adopted the same policies as the defendant," which "begs the question" about the Court's impartiality.  (Compl. at p. 6, ECF No. 1).  Plaintiff's Opposition makes the same point in response to the Magistrate Judge's Findings and Recommendation.  (Obj. at p. 6, ECF No. 7).  Plaintiff states that the Magistrate Judge "is participating in the same policies as the defendant and is unable to make any impartial recommendations, especially those that would be contrary to the defendant," as such recommendations would contradict the Court's COVID-19 policies.  (Id.)

Plaintiff has not filed a motion for recusal pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455.  Even if his allegation of bias were to be construed as a motion for recusal, such a motion would lack merit.

The substantive standard for recusal pursuant to either 28 U.S.C. § 144 or 28 U.S.C. § 455 is the same: Whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (citation and internal quotation marks omitted).  "[J]udicial rulings alone almost never constitute a valid basis for a bias or

partiality motion." Liteky v. U.S., 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Plaintiff has not established a legitimate basis to question the impartiality of the Magistrate Judge or of this Court. The claim that federal judges would be biased by court-wide policies lacks any support. It is an allegation of "a generalized bias of an entire judicial system rather than a personal bias" of a particular member of the judiciary, which lacks the specificity needed to demonstrate that a particular member is biased. Twist v. U.S. Dep't of Just., 344 F.Supp.2d 137, 142-43 (D.D.C. 2004), aff'd sub nom. Twist v. Gonzales, 171 F. App'x 855 (D.C. Cir. 2005).

Even if Plaintiff's allegation were credible, it would still not require recusal. Under Plaintiff's reasoning, all judges of the United States District Court for the District of Hawaii would be disqualified from hearing his case, as "the United States District Court itself has adopted the same policies as the defendant." (Compl. at p. 6, ECF No. 1). In such a circumstance, the rule of necessity permits a judge to hear a case where all judges of the district would be disqualified. Glick v. Edwards, 803 F.3d 505, 509-10 (9th Cir. 2015).

Plaintiff's allegation of bias lacks support and does not

require recusal.

### 2. Authority to Implement a Vaccine Mandate

Plaintiff argues that Defendant University of Hawaii lacked the legal authority to require that all its employees get vaccinated for COVID-19. (Obj. at 6, ECF No. 7). Plaintiff's argument is unfounded.

Defendant implemented its vaccine mandate pursuant to then-Hawaii Governor Ige's Emergency Proclamation Related to the COVID-19 Response issued on August 5, 2021. (See Compl. at Exhibit A-17, ECF No. 1). The Proclamation cited Haw. Rev. Stat. §§ 127A-12(b)(10), 127A-12(b)(16), 127A-12(b)(19), 127A-13(a)(1) and 89-9(d)(8) for the Governor's authority to implement a vaccine requirement for all state and county employees. See Office of the Governor, State of Hawaii, Emergency Proclamation Related to the COVID-19 Response, at 5 (Aug. 5, 2021), available at https://perma.cc/3VPM3D4S.

These statutory provisions provide the Governor with broad authority to implement public health measures in the event of an emergency like the one then-Governor Ige declared on March 4, 2020 in response to COVID-19, including the authority to supplement the Department of Health's rules regarding compulsory vaccination. See, e.g., Haw. Rev. Stat. § 127A-13(a)(1). Such authority is "within the police power of a state to provide for compulsory vaccination." Zucht v. King, 260 U.S. 174, 176 (1922) (citing Jacobson v. Massachusetts, 197 U.S. 11 (1905)).

16

Plaintiff cites four cases in support of his argument that Defendant lacked the legal authority to implement its COVID-19 policy. (See Obj. at pp. 5, 7-8, ECF No. 7) (first citing Let Them Choose v. San Diego Unified Sch. Dist., 301 Cal. Rptr. 3d 667 (Cal. App. 4th Dist. 2022); then citing Health Freedom Def. Fund, Inc. v. Biden, 599 F. Supp. 3d 1144 (M.D. Fla. 2022); then citing Fraternal Order of Police et al. v. District of Columbia et al., No. 2022 CA 000584 B (D.C. Super. Ct. Aug. 25, 2022); and then citing Police Benev. Ass'n of the City of New York, Inc. v. City of New York, 2022 WL 4398685 (N.Y. Sup. Ct. Sep. 23, 2022)).

None of these cases deal with a state's authority to require its employees to get vaccinated amid a declared state emergency, or the Governor of Hawaii's authority to enact such a requirement pursuant to the statutory provisions cited above.

### 3. Policy Arguments

Plaintiff argues throughout his Objection that Defendant's COVID-19 policy is misguided. (See Obj. at pp. 7-8, 10, 13, ECF No. 7). Plaintiff claims that there is no "medical necessity for imposing a medical treatment on one person as a means to protect another person from an illness." (Id. at pp. 13).

Plaintiff's arguments do not alter the Court's analysis of his ADA claims. They concern policy issues that are not the province of this Court. See, e.g., Leigh v. Artis-Naples, Inc., 2022 WL 18027780, at *22 (M.D. Fla. Dec. 30, 2022). It is not the Court's role to assess the wisdom of the State of Hawaii's

17

public health measures.

### E.  Dismissal With Prejudice

A complaint may be dismissed with prejudice when no amendment could cure its deficiencies.  See, e.g., Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

Plaintiff cannot cure the deficiencies in his Complaint through further amendment.  Any attempt to amend would be frivolous.  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court **ADOPTS** the Magistrate Judge's Finding and Recommendation to dismiss the Complaint with prejudice, as modified by the reasoning included in this Order.

//
//
//
//
//
//
//
//
//
//
//
//
//

**CONCLUSION**

The Magistrate Judge's Findings and Recommendation to Grant Plaintiff's Application to Proceed Without Prepayment of Fees and Dismiss the Complaint With Prejudice (ECF No. 6) is **ADOPTED,** as modified by the reasoning put forth in this Order.

Plaintiff's Objection to the Magistrate Judge's Findings and Recommendation (ECF No. 7) is **OVERRULED.**

The Clerk of Court is **ORDERED** to issue Judgment in favor of Defendant and to **CLOSE THE CASE.**

IT IS SO ORDERED.

DATED: February 14, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Dylan Cunningham v. University of Hawaii, 22-cv-00504 HG-WRP,**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND DISMISS THE COMPLAINT WITH PREJUDICE (ECF No. 6), AS MODIFIED and OVERRULING PLAINTIFF DYLAN CUNNINGHAM'S OBJECTION (ECF No. 7)**